## A. F. T. CORPORATION, Appellant, *v.* PATHE EXCHANGE, INC., Respondent.

(Supreme Court, Appellate Term, First Department, November, 1918.)

Vendor and purchaser — purchaser of stolen property bound to satisfy himself as to the title of vendor — when false representations not actionable — sales — agency.

A purchaser of stolen property is bound to satisfy himself as to the title of the vendor and deals with the property at his peril.

Defendant having had certain films stolen from it, employed a detective agency to trace them. The operating detective in his search for the stolen property visited the plaintiff, a corporation dealing in used films for export, and after stating that he represented a picture house in Havana asked plaintiff what films it could sell, whereupon its president gave the operator the names of a number of films which had been offered to him for sale or which he thought were then on the market, mentioning, among others, those which had been stolen from defendant and said that he could buy at least one of them. Pursuant to certain pretended negotiations had with the operator as to the terms of the purchase of the films, plaintiff obtained possession of a part of one of them and delivered the reels to the operator to be sent on approval to Havana. The operator subsequently informed plaintiff that the film was satisfactory to the prospective purchaser and that he would pay the price demanded. Plaintiff thereupon bought the film from the broker in whose possession it was with the expectation of making a profit on the resale and at the time appointed for the inspection and purchase of the film the operator appeared at plaintiff's office with one of defendant's employees and a detective who seized the film. After defendant herein had been successful in an action of replevin to recover possession of the film, plaintiff brought the present action for defendant's alleged false representations in inducing plaintiff to purchase the film which had been stolen from defendant. Upon affirming a judgment entered upon a verdict directed for defendant, *held:*

The operator as agent for defendant in attempting to obtain

possession of the film was not guilty of any actionable false representations.

The defendant and its said agent made no representations express or implied that the films were not stolen or that they were not the property of defendant, and by no act or statement did defendant lull the plaintiff into the belief that it need not satisfy itself as to the title of its vendor.

While plaintiff was led by the report of the operator to believe that it would obtain a contract whereby it would make a profit upon the resale, it was not induced by these representations to believe that its vendor had a good title to the film.

If the representations had been true and defendant had entered into a valid contract for the resale of the film, the plaintiff would have been in no better position than it now is. It was not damaged by the alleged false representations of defendant's agent, but solely by its own act in purchasing the films, and the inducement to make such purchase was not a representation material thereto but was the promise of defendant's agent to repurchase the films from the plaintiff.

Pendleton, J., dissents.

APPEAL from a judgment in favor of the defendant, entered in the City Court of the city of New York on a verdict directed for defendant, and from an order denying a motion to set aside the verdict and grant a new trial.

Arthur Butler Graham (John Preston Phillips, on the brief), for appellant.

Coudert Brothers, for respondent.

LEHMAN, J. The plaintiff has brought an action for alleged fraud and deception on the part of the defendant whereby the defendant induced the plaintiff to purchase from a film broker a film which had been previously stolen from the defendant. At the trial the plaintiff produced testimony which, if true, is sufficient to show that after certain films had been stolen from the defendant, the defendant employed the Pinkerton Detective Agency to trace the films. An

operator from the detective agency in his search for the films visited the plaintiff, a corporation dealing in used films for export. The operator stated that he represented a picture house in Havana and asked the plaintiff what films it could sell. The plaintiff's president thereupon gave the operator the names of a number of films which had been offered to him for sale or which he thought were then on the market, mentioning among other films those which had been stolen from the defendant. He told the operator that he did not own these films but thought he could buy at least one of them. The operator then had certain pretended negotiations with the plaintiff as to the terms upon which the operator representing the moving picture house in Havana should purchase the films.

Pursuant to these conversations the plaintiff obtained possession of a part of one of the films and delivered the reels to the operator to be sent on approval to Havana. The operator gave the plaintiff a deposit of $150 for the return of the film and thereafter informed the plaintiff that the film was satisfactory to the prospective purchaser in Havana and that he would pay the plaintiff the price demanded for the film. The plaintiff thereupon bought the film from the broker in whose possession they were with the expectation of making a profit on the resale. A time was fixed at which the pretended purchaser was to inspect the film at the plaintiff's office and pay the plaintiff the agreed price. When the operator appeared at the plaintiff's office to inspect the films the defendant sent there one of its own regular employees and a detective who seized the film. Thereafter the defendant brought a replevin action against this plaintiff for the film and was successful in that action. The plaintiff now claims that it was induced to buy the film from the person in whose possession it then was by the

Appellate Term, First Department, November, 1918.   [Vol. 105.

representation of the operator that he was acting for a *bona fide* prospective purchaser; that this representation was fraudulent and that as a result thereof it has been damaged by the amount it paid for the film.  At the close of the plaintiff's case the trial justice dismissed the complaint and the plaintiff now appeals from that judgment.

For the purpose of this appeal we may properly consider the operator as the agent of the defendant in attempting to obtain possession of the films which had been stolen from the defendant, and if in the course of his agency the operator was guilty of any actionable fraud or misrepresentation, then the defendant would be liable for such fraud on the part of its agent.  In my opinion, however, the operator was not guilty of any actionable false representations.  It is to be noted that when the operator started his negotiations with the plaintiff, the plaintiff's president on his part showed a willingness to obtain these goods if he could resell them at a profit.  In order to obtain these goods the plaintiff was apparently obliged to purchase them.  It is well established that a purchaser of personal property is bound to satisfy himself as to the title of the vendor and deals with stolen property at his peril.  The defendant and its agent made no representations express or implied that the films were not stolen or that they were not the property of the defendant and by no act or statement did the defendant lull the plaintiff into the belief that it need not satisfy itself as to the title of the vendor of these films.  The sole false representation made by the operator was that he represented a prospective purchaser.  This representation, even though false, was material only to the extent that it induced the plaintiff to enter into an agreement with the operator to resell the films to the Havana picture house after it

should have obtained title to the films. The plaintiff was moved to buy the films because it was led to believe that it could obtain a contract whereby it would make a profit upon the resale but it was not induced by these representations to believe that the seller of the film had good title thereto.

If these representations had been true and the defendant had entered into a valid contract for the resale of these films, the plaintiff would be in no better position than it is to-day, for in any event it never obtained title to the goods and therefore could transfer no title to any purchaser. The plaintiff therefore has not been damaged by the false representations of the defendant's agent but solely by its own act in purchasing films from a vendor who had no title thereto and the inducement to make such purchase was not a representation material to such purchase but was the promise of the defendant's agent to repurchase these goods from the plaintiff. The plaintiff is in no worse position now than it would have been if the defendant's agent had promised to buy its films for his own account and the plaintiff had accepted the agent's promise and thereupon proceeded to buy the films from the broker. The only effect of the false representations was to induce the plaintiff to believe that it was dealing with a *bona fide* purchaser of financial responsibility.

If a *bona fide* purchaser had attempted to buy the films from the plaintiff and the defendant had discovered from such purchaser that the films would be in possession of the plaintiff on a certain day for the purpose of delivering them to the purchaser and had then replevied the goods, certainly no one would claim that either the purchaser or the defendant were liable in any action on the part of the plaintiff. Yet the plaintiff in this action is in effect claiming that it has

Appellate Term, First Department, November, 1918.   [Vol. 105.

been injured by a false representation on the part of the defendant's agent that he was representing a *bona fide* purchaser. Since the plaintiff is in exactly the same position as it would have been if the representation had been true, I know of no principle or precedent for permitting it to recover in this action. Occasionally a hardship may arise from the common practice of detectives in representing themselves as prospective purchasers of goods in order to find out their whereabouts and to take possession of them for the rightful owner, but in my opinion there is no legal wrong in such act. Both on principle and policy it seems to me that the true rule should be that one who deals with a vendor of stolen goods does so at his peril and that he cannot recover any damages for any trick or device on the part of the true owner which induced him to purchase the goods, unless the owner had represented expressly or impliedly that the goods were not stolen.

Judgment should, therefore, be affirmed, with costs.

Pendleton, J. (dissenting). As the court dismissed the complaint, if on any theory of the evidence a cause of action was made out, the ruling was error. The action is for damages for false representations. There was evidence at the trial tending to show that defendant by its agent falsely represented to plaintiff that there was a prospective purchaser of the film referred to and that a *bona fide* purchase thereof was contemplated; that such representation was known to be false and was made to induce plaintiff to part with money in the attempted purchase of certain goods which defendant knew the seller had no title to; that plaintiff believed the representations to be true and relying thereon paid out the money in an attempted purchase but acquired no title to the said goods and the

money was lost. These facts, if true, are it seems to me sufficient to constitute a cause of action and plaintiff was entitled to have the evidence submitted to the jury. To say that plaintiff fails to make out a case because there was no formal representation that the title to the goods was in the vendor seems to me to take an entirely too narrow a view. The gist of the representation was that a *bona fide* purchase was contemplated and this carried with it at least a belief that a title would be acquired, otherwise there could be no purchase. I see no difficulty in seeing in this an implied representation as to the title. There was concededly a fraudulent trick or device to lead plaintiff to pay its money for goods to which the vendor had no title. If the purpose and result had been to acquire the money themselves it is clear there would be no question as to liability. It can make no difference that the purpose was to find out where their property was. The law will not be particular as to the precise form or purpose of the fraud. We have here all the elements of actionable fraud. A representation known to be false purposely made to induce plaintiff to act, a reliance thereon and resulting loss, exactly as intended and contemplated. It is said the plaintiff is in as good a position as it would have been if the representation had been true; this seems to me entirely fallacious and to misconceive the essence of the representation which is that a *bona fide* transaction was contemplated. If that had been true plaintiff would not have lost its money. If there is any question as to what was intended and understood by the parties a question of fact is presented which should have been submitted to the jury. The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Judgment affirmed, with costs.