IRVING D. KARPAS, Appellant, *v.* MAURICE BANDLER, Respondent.

First Department, April 13, 1928.

Appeal — review of facts — verdict directed under stipulation with same force and effect as if jury were present — Appellate Division may review facts — bills and notes — action by subsequent holder — defense that note was not to be negotiated and was to be paid out of proceeds from sale of land — evidence shows that plaintiff acquired note before maturity and without knowledge of any defect in title.

The Appellate Division may review the facts on an appeal from a judgment rendered after a trial before the court without a jury, pursuant to a stipulation

that the court might direct a verdict with the same force and effect as if a jury were present.

The plaintiff is a subsequent holder of a promissory note made by the defendant, and in this action thereon is met with the defense that the original payee agreed not to negotiate the note and agreed that it should be paid only out of the proceeds to be realized from the sale of certain real property, and that the plaintiff took the note with knowledge of those facts. It is conceded that the note was transferred to the plaintiff before maturity, and while he has the burden of showing that he took the instrument in good faith and without knowledge of any defects in the title or knowledge of the facts which should lead him to a knowledge of defects, the evidence clearly established that the plaintiff acted in good faith, paid a valuable consideration for the note, and had no notice, either actual or implied, as to the alleged contract between the defendant and the payee.

Furthermore, the evidence tends to show that the alleged agreement was not made and that the reason for the defendant contesting his liability is that he will lose money in a real estate investment, of which transaction the note was a part.

MARTIN and O'MALLEY, JJ., dissent.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 11th day of June, 1927.

*John Godfrey Saxe* of counsel [*Henry C. Burnstine* with him on the brief; *Burnstine & Geist,* attorneys], for the appellant.

*Bernard Hershkopf* of counsel [*I. Gainsburg,* attorney], for the respondent.

McAvoy, J. The learned trial justice rendered a verdict in the defendant's favor pursuant to a stipulation that he might decide the question submitted as though the verdict were rendered by a jury. The issues thus were subject to review on the facts in this court.

Where a motion is made by both parties for a directed verdict, the effect of such motion is a submission to the court to decide the facts as well as the law. Such decisions on the facts are subject to review with the same effect as though such facts were submitted in an equity case to a trial judge. We may reverse if the finding on the facts be against the weight of evidence.

The suit is upon a promissory note made by defendant to the order of Samuel M. Goldberg. It was payable within three months and was indorsed by Goldberg to the plaintiff before maturity, and, according to the plaintiff herein, for value, to wit, an indebtedness greatly in excess of the amount of the note. The issue was as to whether plaintiff was without notice of any equities of the defendant, which could be urged against Goldberg and was thus a holder in due course and entitled to recover regardless of those equities.

The defenses are that the note was delivered upon the condition that it was not to be negotiated nor to have any legal effect, until the happening of a condition precedent; it is pleaded too that the defendant is in no wise to become liable on this note until the sale of certain real estate in Florida, which sale the payee repre-- sented to the defendant was then accomplished; that the note was to be paid out of the proceeds of such sale; the sale not having been consummated, and the proceeds thereof not realized, defendant alleges the condition precedent which was to bring the note into legal use did not come about. It is pleaded that notwithstanding this failure of the happening of the condition upon which the note was uttered, the payee diverted the note from the 'purpose for which it was given, indorsed it to the plaintiff who had knowledge of the payee's agreement to refrain from discounting or using it, and thus was not a *bona fide* holder of the instrument. Defendant also sets up as a defense that he received no consideration for the note. There is an additional defense that plaintiff is merely bringing the action for the benefit of the payee Goldberg and is not a true party in interest.

If the plaintiff be a holder in due course of the instrument in question he will hold it free from any defect of title of his indorser and free from any defense available to the maker and may enforce payment for the full amount. The conditions under which a holder in due course takes are that the note is complete and regular upon its face. This is obvious here. It is not gainsaid that plaintiff was a holder before maturity. This was evident from the proof and lack of contradiction. The holder also must show that he took the instrument in good faith, that is, without suspicious circumstances attending its delivery or without notice of any defect, and he must give value for the paper moving from himself to the indorser.

There is nothing in the case, except the acquaintance of Karpas and Goldberg, and their previous operations in Florida real estate together, which is pretended as an indication of any lack of good faith. No proof of any kind was offered which suggested bad faith on the part of the indorser of the note. The credibility of the plaintiff in so far as he justified his purchase of the note as a part payment or discharge of a previous indebtedness of Gold- berg was not impugned. As to the notes not being taken for value, which apparently was the ground upon which the learned trial court directed a verdict for the defendant, all the evidence points to the fact that Goldberg, the indorser, gave the defendant's note for $25,000 to pay part of his debt on account of a note due to Karpas on the purchase of his interest in a common enterprise.

That the note was negotiated to plaintiff, without notice of any defect in the title of the indorser, is proven by direct testimony that no such notice was given to Karpas, and there is no denial of this testimony nor proof of circumstances indicating a lack of credibility to be attributed to the testimony thus given.

The rule is that actual knowledge of the infirmity or knowledge of facts which would put a reasonable person on guard in taking the instrument is necessary to constitute bad faith. There is no proof of any fact upon which knowledge might be imputed to Karpas with respect to the alleged conditional delivery of the note. Thus on the law the judgment is wrong. On the facts too an erroneous conclusion was reached.

Bandler's version of the transaction with Goldberg was wholly against the credible evidence when consideration is given to his other acts and declarations before and after the time the alleged condition was imposed upon the delivery of the note. Bandler said that Goldberg told him: " I won't use the note. I promise you I won't use it." He said, too, that before the note was made out, he told Goldberg: " You are not to use this note until I get the money from the Del Ray property, otherwise I will not give it to you." Goldberg replied: " Absolutely. That is agreeable to me." It is also indicated in Bandler's testimony that it was proposed to him by Goldberg that his giving of the note would enable Goldberg to get others interested by showing them Bandler's note.

On September twentieth Goldberg brought the note back and asked Bandler to pay interest on it. This was five days after the note had been made and Bandler said to Goldberg, " You know our understanding," and Goldberg again said, " You certainly can afford to pay interest and you won't have to pay the note unless you receive the profits from the Del Ray proposition." These alleged statements of Goldberg are controverted by all the accompanying facts, circumstances and incidents which are at all even remotely related to the transaction.

An accountant, one Davis, who had made up the statement of defendant's participation in the Goldberg syndicate, testified that Bandler told him that his interest was the same as theirs, $25,000.

Another accountant, Homes, testified that he called on Bandler to explain the statement sent by Homes & Davis to him, and Bandler also stated to him that his interest was the same as theirs, to wit, $25,000. Bandler was also contradicted in his claim that he called one Mayer on the telephone, who, apparently, had the management of the Del Ray syndicate, to find out when he was

going to get his check from the profits on that sale, which proof was offered to support his claim that payment of his profits therein was a condition of his becoming liable on the note. He was thus contradicted by three persons with respect to important instances in connection with his defense. Added to these matters he had a strong motive for refusing to go on with the project of investment in this Florida real estate enterprise because of the likelihood that no profits could be realized from it by reason of the falling off in interest in Florida real estate. This latter circumstance really grounds sufficient cause alone for disbelief of a denial of liability by a business man on his negotiable note. The circumstance that Goldberg admitted he agreed not to discount the note at the bank, if it was a condition of delivery, was performed by Goldberg, and thus such admission in no way aids defendant's effort to escape payment. It cannot be said that defendant's version of the relations of the parties presented a credible defense.

The judgment should, therefore, be reversed upon the law and the facts, with costs, and judgment directed in favor of the plaintiff for $25,345, with interest and costs.

DOWLING, P. J., and FINCH, J., concur; MARTIN and O'MALLEY, JJ., dissent and vote for affirmance on the ground that there was presented a question of fact respecting both issues litigated.

Judgment reversed, with costs of appeal to appellant, and judgment directed in favor of plaintiff against defendant in the sum of $27,565.64 and costs, with interest from June 11, 1927.