KENNETH S. CLARK, Appellant, *v.* STANDARD ROCK ASPHALT CORPORATION, Respondent.

First Department, November 27, 1931.

*Harold Harper* of counsel [*Murray F. Johnson* with him on the brief; *Clarke, Allen, Harper & Matthews*, attorneys], for the appellant.

*Samuel H. Kaufman* of counsel [*Eli S. Silberfeld* with him on the brief; *Garey, Crowley & Garey*, attorneys], for the respondent.

TOWNLEY, J. Plaintiff sued for breach of a written contract under seal settling a disputed claim which plaintiff had made against the defendant and by which contract defendant promised to pay the plaintiff $15,000 and to deliver to him 6,000 shares of its stock. The execution of the contract, plaintiff's performance thereunder, and defendant's default are undisputed. The defenses raised are fraud on the part of the plaintiff which induced the making of the contract, and lack of consideration for it.

Defendant is a company having substantial holdings in the issues of the Standard Rock Asphalt Company of Kentucky and the Natural Rock Asphalt Corporation of Delaware. Plaintiff's services consisted of his efforts to aid the defendant in the acquisition of securities of these corporations and in procuring the necessary financing to acquire them.

The contract of settlement, after providing for the delivery to the plaintiff of 6,000 shares of its capital stock and $15,000, stated that the plaintiff agreed to accept " the foregoing covenant of the corporation in full settlement of any and all claims against the corporation for services rendered and expenses incurred, and covenants that he has no claim, of any nature whatsoever, against the corporation * * * except a claim against the corporation under this agreement and upon the conditions herein set forth * * *."

On the trial the court found that there was no consideration for the making of this contract. The agreement was under seal and purported to be a contract in settlement of claims asserted against the defendant, and hence formally expressed a complete consideration. (*Smith* v. *Glens Falls Ins. Co.*, 62 N. Y. 85; *Sears* v. *Grand Lodge A. O. U. W.*, 163 id. 374.) The record is replete with evidence showing that plaintiff was making a *bona fide* claim. Consideration for the contract was thus fully established. (*Feeter* v. *Weber*, 78 N. Y. 334.) When this court, on appeal from an order of the Supreme Court denying plaintiff's motion to strike out the defense of no consideration, affirmed that order (*Clark* v. *Standard Rock Asphalt Corp.*, 225 App. Div. 853), all that was meant was that the facts should be tried.

Defendant next attempted to prove that it executed the settlement contract on the fraudulent misrepresentation of plaintiff that he had actually spent $15,000 in disbursements on defendant's behalf, and that it would not have contracted had it known the true amount. The wording of the contract referring to the disbursements is that " Clark accepts the foregoing covenant * * * in full settlement of any and all claims against the corporation for services rendered and expenses incurred * * *." There is no representation or warranty in the agreement itself that exactly $15,000 had been spent.

The testimony shows that there never was any claim that this amount represented anything more than plaintiff's estimate of his probable expenses covering a period of a year and a half or two years. Plaintiff testified that he kept no record of his disbursements. The prepared statement, which showed a total of $14,978, was made by adding together the money which he had borrowed during the period when he was rendering services and the amount of his own money which he had used for the purpose. It was admitted by defendant's financial agent, McGuire, Cole & Company, on June 8, 1927, that plaintiff's expenses up to that date amounted to $11,000. Plaintiff continued his disbursements, which involved traveling, entertainment and other similar expenses, for a further period of six months after that, and, of necessity, spent considerable sums of money. The trial court found that no more than $7,000 of expenses was established. How that conclusion was reached, in the face of the admission of defendant's agents that $11,000 had been spent in only a portion of the period involved, is not apparent. The evidence clearly establishes that plaintiff's estimate of his expenses was substantially correct and any inaccuracy in the figures is attributable to lack of records and not fraud on the part of the plaintiff. This claim was not made in bad faith knowing that it was excessive with the intention of inducing defendant to make this contract. (*Reno* v. *Bull*, 226 N. Y. 546.)

The second fraud alleged is that plaintiff falsely represented that he had received no other compensation or reimbursement for his services and expenses. He had received 10,000 shares of stock in the Kentucky company some time before the present corporation was formed. This stock was issued to him as advance compensation for some financing which he undertook on behalf of that company and which he and his associate were unable to complete. The defendant, however, knew that the plaintiff had received this stock and that it had been received for services. It clearly appears that defendant's directors and officers, McGuire and Cole, who

were most active in the negotiation of this settlement, knew that plaintiff held this stock and negotiated with him for the formation of a pool in which the plaintiff should put his stock with some stock received by themselves for alleged services. The inference is inescapable that they knew that plaintiff had also received his stock for services. The testimony of McGuire and Cole on this subject is most unsatisfactory and does not destroy the inference of knowledge arising from these transactions. The true reason for the acquisition of the 10,000 shares was in fact known to the defendant. The alleged misrepresentation, therefore, could not have been an inducing cause of this settlement agreement.

After this action was commenced, a judgment was rendered in another suit declaring that this certificate for 10,000 shares was void and decreeing its surrender. This decree has been complied with. To constitute legal fraud there must be scienter and damage. The defendant is no worse off than it would have been had the representation relied on been true. It has been held that even when the representation is false, no cause of action in fraud lies if the alleged defrauded party is in the same position in which it would have been had the representation been true. (*A. F. T. Corporation* v. *Pathe Exchange, Inc.*, 105 Misc. 39.) A fortiori, when the representation is true, there can be no fraud. The evidence in this record establishes neither scienter nor damage and the claim of fraud in the 10,000 share transaction is sustained neither in fact nor in law. This case was fully tried in the court below and there is no occasion for sending it back for a new trial. (*Waddle* v. *Cabana*, 220 N. Y. 18.) There is competent evidence that the value of the shares on the date they should have been delivered was twelve dollars a share.

Plaintiff is entitled to judgment in accordance with the terms of his contract for the payment of $15,000 in cash and the value of the shares, or $72,000. The judgment should be reversed and judgment directed in favor of the plaintiff against the defendant for $87,000, with interest from June 1, 1928, with costs.

FINCH, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff against the defendant for $87,000, with interest from June 1, 1928, with costs.