The People of the State of New York, Appellant, *v.* Vernie L. Johnson, Respondent.

Third Department, March 7, 1945.

Nathaniel L. Goldstein, Attorney-General (*Orrin G. Judd, Solicitor-General; William D. Bresinhan, Assistant Attorney-General*, of counsel), for appellant.

*William W. Bullis*, attorney (*Francis J. Neddo* of counsel), for respondent.

*Per Curiam.* The State of New York has appealed from an order of Justice Alexander denying its motion for a directed verdict and granting defendant's motion for that relief and also granting final judgment in favor of defendant in an action to recover the sum of $110 in penalties.

Within the statutory definition of the offense with which the defendant is charged (Conservation Law, § 380, subd. 27) the evidence at the trial made out a clear case of defendant's liability to the statutory penalty sued for. No proof was offered in opposition to that evidence. The defendant who well knew the truth of the matter chose to remain silent and absented himself from the trial. His counsel rested his case in sole reliance upon the clear prima facie case made out by the People's

proof. Every inference warranted by the uncontradicted evidence has therefore to be indulged in against him. (*Wylde* v. *Northern R. R. Co. of N. J.*, 53 N. Y. 156.) There is nothing in the People's evidence inherently improbable. On the contrary, the probabilities square with the sworn testimony of the eyewitnesses who were State employees. The evidence discloses no rational basis for disbelieving them. Neither in the court below nor here may they, in effect, be found to be perjurers. The People's motion for a directed verdict should have been granted. This court has power to do that which should have been done. (*Karpas* v. *Bandler*, 223 App. Div. 306; *Franklin Sugar Refining Co.* v. *Lipowicz*, 220 App. Div. 160, 168.)

The order and judgment appealed from should be reversed on the law and the facts, plaintiff-appellant's motion for a directed verdict granted, and judgment directed in its favor and against the defendant for the relief demanded in the complaint.

HEFFERNAN, J. (dissenting). The gravamen of the complaint is that defendant, during the closed season for pike perch took and possessed two fish on the 25th day of April, 1943, in violation of subdivision 6 of section 210 of the Conservation Law.

The only question here is the sufficiency of the evidence. The court correctly found that there was insufficient credible evidence. There have been three trials of this issue involved here and in each instance the State has failed to succeed. Inasmuch as both sides moved for a directed verdict the court's disposition of it is the same as if a jury rendered the verdict. (*Glanzer* v. *Shepard*, 233 N. Y. 236.) The judgment and order should be affirmed.

HILL, P. J., BREWSTER, FOSTER and LAWRENCE, JJ., concur in *Per Curiam* opinion; HEFFERNAN, J., dissents in a memorandum, and votes to affirm.

Order and judgment appealed from reversed on the law and the facts, plaintiff-appellant's motion for a directed verdict granted, and judgment directed in favor of plaintiff-appellant and against the defendant in the sum of $110, with costs in the court below and in this court.