JULIUS BERLIN, Appellant, *v.* EIMER & AMEND, a New York Corporation, Respondent.

First Department, June 1, 1945.

*Irwin Isaacs* for appellant.

*George S. Mittendorf* of counsel (*Horace W. K. Borchardt* with him on the brief; *Mitchell, Capron, Marsh, Angulo & Cooney,* attorneys), for respondent.

Dore, J. Plaintiff sued for overtime compensation, liquidated damages, and reasonable attorney's fee under the Fair Labor Standards Act of 1938. (52 U. S. Stat. 1060; U. S. Code, tit. 29, §§ 201–219.). The defense was that plaintiff was employed in a bona fide executive, professional or administrative capacity and therefore was excluded from the benefits of the act. After

trial without a jury at Trial Term, the court held in accordance with defendant's contention that plaintiff was an exempt employee under the act and directed judgment in defendant's favor dismissing the complaint on the merits. Plaintiff appeals.

Plaintiff had been an employee in defendant's manufacturing laboratory for about 38 years from 1906 to 1944.

During the term of his long employment, including the period in issue, plaintiff was engaged in making various pharmaceutical preparations, extracts, solutions, etc.; chemicals purchased in bulk were also repackaged for sale in his department. After he or an associate worker had made such solutions and preparations or had on hand the drums or containers of preparations purchased in bulk, the girls in the laboratory filled the bottles and labeled them. For part of the day, plaintiff acted as sort of working foreman in the manufacturing laboratory but he had no authority to hire or discharge employees. Defendant admitted that for one third of the working day, plaintiff was engaged in the ordinary work that was not exempt. The record indicates that he spent the greater part of the day in such work. He was told what orders were to be filled and when he had work to do he had to work overtime. To earn his agreed pay he was required to work 40 hours a week and required to punch a time clock on coming to work in the morning and leaving at night. The time cards are in evidence. For a time he received 75 cents if he worked two hours or more at night and after September, 1942, he received $1.50. In making his computation for overtime, plaintiff gave defendant credit for the amounts thus received. After July 17, 1943, plaintiff was paid compensation in excess of 40 hours a week at the rate of time and a half. Accordingly, while he worked until 1944, the period for which he seeks overtime pay under the act is from July 16, 1941, to July 17, 1943.

Concededly plaintiff was engaged in the production of goods for interstate commerce and was entitled under the act to overtime compensation from his employer for the period in question from July 16, 1941, to July 17, 1943, unless he was exempt as a bona fide executive, administrative or professional employee.

Section 13, subdivision (a), of the act in part provides: " The provisions of sections 6 and 7 shall not apply with respect to (1) any employee employed in a bona fide executive, administrative, professional * * * capacity * * * (as such terms are defined and delimited by regulations of the Administrator) * * *." The delegation of this power, and the reasonable-

ness of the exercise thereof by the Administrator, have received judicial sanction. (*Fanelli* v. *United States Gypsum Co.,* 141 F. 2d 216, C.C.A. 2d Cir.; *Sun Pub. Co.* v. *Walling,* 140 F. 2d 445, C.C.A. 6 Cir.) Pursuant to this authority the Administrator in sections 541.1, 541.2 and 541.3 of chapter V of title 29 of the Code of Federal Regulations (Oct. 1938; amd. Oct. 24, 1941; revised January, 1942) defines the meaning of these terms.

After reviewing the evidence and examining the statute, the regulations and relevant authorities, we think it is clear on this record that plaintiff, during the period in issue, was not an executive or professional employee, as defined in the regulations. The component parts of the regulations defining executive and professional exemptions are stated in the conjunctive, and plaintiff must come within all of them before he can be denied the benefits of the act. (*George Lawley & Son Corporation* v. *South,* 140 F. 2d 439, C.C.A. 1st Cir., certiorari denied 322 U. S. 746.) Plaintiff had no authority to hire or discharge employees and a substantial amount of his time, far in excess of the 20% mentioned in the regulations, was spent in doing the same type of work as nonexempt employees. (Code of Fed. Reg., Cum. Supp., tit. 29, § 541.1, subds. [c], [f]; § 541.3, subd. [a], par. [4].)

A fair appraisal of plaintiff's duties also shows that he should not be considered to be employed in an "administrative" capacity, as this term is defined by the regulations (§ 541.2). To come within this classification, an employee must not only be paid at a rate of not less than $200 per month, but, in addition, he must meet the requirements outlined in at least one of the paragraphs of subdivision (b) of section 541.2. The evidence shows he was paid less than the required $200 per month between July 17, 1941, and January 31, 1943. His assistance to his executive superior was not such as comes within section 541.2, subdivision (b) where the assistance required is characterized as "non-manual in nature" and requiring the exercise of discretion and independent judgment. He did not perform responsible nonmanual office work directly related to management policies or general business operation or come under any of the other subdivisions of section 541.2, subdivision (b).

As we fail to find in the record facts sufficient to bring the plaintiff within any of the claimed exemptions, he is entitled to overtime compensation, liquidated damages and a counsel fee.

On appeal from a judgment rendered by the court without a jury, unless we affirm, we should, under subdivision 2 of section 584 of the Civil Practice Act, grant the judgment which the

triai court ought to have granted. (*Leonard* v. *Frantz Co.*, 268 App. Div. 144; *Clark* v. *Standard Rock Asphalt Corporation*, 233 App. Div. 536; *Karpas* v. *Bandler*, 223 App. Div 306.)

Both sides offered computations on the basis of the time cards in evidence. After a study of both exhibits in the light of the time cards and the testimony in the record, we compute as due plaintiff the sum of $1,657.17 less $240 received by the plaintiff for supper money which the plaintiff at trial conceded as a deduction, leaving a net of $1,417.17. We allow plaintiff's attorney $600 as attorney's fee for prosecuting the action and the appeal.

The judgment and the order appealed from should be reversed, with costs, and judgment directed in plaintiff's favor against defendant in the sum of $1,417.17, with costs, together with liquidated damages in a like sum and $600 as attorney's fees for prosecuting the action and the appeal.

MARTIN, P. J., UNTERMYER, COHN and CALLAHAN, JJ., concur.

Judgment and the order unanimously reversed, with costs, and judgment directed in plaintiff's favor against defendant in the sum of $1,417.17, with costs, together with liquidated damages in a like sum and $600 as attorney's fees for prosecuting the action and the appeal. Settle order on notice.