THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH RIZZO et al., Relators, against HARRY W. RANDALL, as Constable of the Town of Johnsburg, Defendant.

Supreme Court, Special Term, Warren County, October 17, 1945.

*Harry Grusky* for relators.

*Nathaniel L. Goldstein, Attorney-General (Borden H. Mills* of counsel), for defendant.

IMBIE, J. By a writ of habeas corpus returnable at Saratoga County Special Term at Saratoga Springs on August 10, 1945, relators seek release from commitment in Justice's Court, Town of Johnsburg, Warren County (a county within the forest preserve), on an information containing two charges: (a) Violation of section 183 and subdivision 27 of section 380 of the Conservation Law in that while on a hunting expedition in Johnsburg " they did counsel, aid, assist in, encourage and procure the violation of " section 183 by certain persons in engaging in the business of guiding without being licensed to do so; (b) violation of sections 176, 185 and subdivision 27 of section 380 in that " they did counsel, aid, assist in, encourage and procure the violation of the provisions of sections 176 and 185 " by Joseph Rotunda and Ralph Rizzo in taking into possession a deer killed by one Mead, affixing thereto the tag from Joseph Rotunda's license and transporting the same.

Said Rotunda and Ralph Rizzo were also arrested on an information containing two charges: (a) Violation of sections 176 and 185 in that they took into their possession a deer which " had been lawfully taken by " one Mead, attached thereto the license tag from Rotunda's license and, so tagged, transported it through the town of Johnsburg to Newburgh, New York, thereafter detaching the tag before the meat was prepared for consumption; (b) violation of section 183 and subdivision 27 of section 380 in that said Rotunda and Ralph Rizzo did " counsel, aid, assist in, encourage and procure the violation of section 183 of the Conservation Law " in the manner above stated as to unlicensed guides

By stipulation it was agreed that the determination of the issues in this proceeding will apply to the charge (b) against Rotunda and Ralph Rizzo.

The issue raised by the relators is that no crime is charged in the information against the named relators and in the charge (b) against Rotunda and Ralph Rizzo; that consequently the above-named relators should be released and that Rotunda and Ralph Rizzo should be tried only on the charge growing out of the violation of sections 176 and 185.

The question resolves itself into the interpretation of legislative intent in the use of the word " penalties." in the second sentence of subdivision 27 of section 380, which reads: " A person who counsels, aids or assists in a violation of any of the provisions of this article or knowingly shares in any of the proceeds of said violation by receiving or possessing either fish, wild birds or animals shall be deemed to have incurred the penalties provided in this article against the person guilty of such violation." If the word " penalties " here refers only to civil penalties, then clearly the information against the three named relators and the charge (b) in the information against Rotunda and Ralph Rizzo are insufficient and defective as a matter of law and charge no crime.

Section 183 provides that " No person shall engage in the business of guiding in the forest preserve counties unless licensed by the department."

Section 185 provides, in part (subd. 1), that " When a deer is taken the taker shall immediately detach the license-tag from his license and attach such tag to the deer and it shall remain thereon until such deer is consumed  *  *  *."

Section 176 provides, in part (subd. 1), that " Any person who violates any provision of, or who fails to perform any duty imposed by, this article  *  *  *  is guilty of a misdemeanor and in addition, unless another penalty is specifically provided herein, is liable as follows  *  *  *."

The words " penalty " and " penalties " are variously used in the Conservation Law in a generic and specific sense. Section 176 is entitled " Penalties " and defines violations of the article as misdemeanors and, in addition, provides for penalties which are undoubtedly civil in nature. Section 950 provides for actions, civil in nature, to recover penalties or for their compromise and settlement. Section 956 deals with the compromise of civil penalties and prohibits, with certain exceptions, criminal actions where a judgment for such penalty has been entered.

A violation of section 183, so far as the person illegally acting as a guide is concerned, is punishable under section 176 as a misdemeanor. No additional penalty appears to be provided for such a violation of the Conservation Law. A violation of section 185 may be punished as a misdemeanor and by an additional penalty under section 176. Other than the language of subdivision 27 of section 380 I find no express prohibition in the Conservation Law against aiding, abetting or counseling a person illegally acting as a guide.

Section 1936 of the Penal Law provides that "When an act or omission is declared by statute to be a misdemeanor, and no punishment for aiding or abetting in the doing thereof is expressly prescribed, every person who aids, or abets another in such act or omission is also guilty of a misdemeanor."

Section 29 of the Penal Law provides that "Where the performance of any act is prohibited by a statute, and no penalty for the violation of such statute is imposed in any statute, the doing such act is a misdemeanor."

One concerned in the commission of a crime, whether he commits the act or, directly or indirectly, aids, counsels, commands, induces or procures another to do so, is a principal (Penal Law, § 2); in the case of a misdemeanor, one is a principal who would, if the crime were a felony, be deemed an accessory (Penal Law, § 27).

To concur with relators' point we must assume a legislative intent, in using the word " penalties " in subdivision 27 of section 380 to depart from the usual rule of criminal liability on the part of one instigating, procuring or abetting a crime by another, and to let the former off with liability only for a civil penalty where one is specified, or scot-free where no such penalty is decreed.

Evidence of such intent should be clear and unequivocal. The Conservation Law, to accomplish a reasonable conservation of fish and game, requires the observance of its mandates and prohibitions by all alike, whether master or servant, principal or tool. It does not intend the former to escape liability for an act induced by him for his benefit or profit. Such a distinction would be unfair and unjust, and contrary to true principles of the administration of the law.

" Penalty " may refer to both criminal and civil liability. It is defined, *inter alia,* by Webster as " Penal retribution; punishment for crime or offense; the suffering in person, rights, or property which is annexed by law or judicial decision to the commission of a crime or public offense ". (Webster's New

International Dictionary [2d ed.]). The word "penalties" in subdivision 27 of section 380 refers both to criminal and civil liability under the statute.

For the reasons above stated I hold that the informations under consideration are sufficient in charging the commission of crimes under subdivision 27 of section 380. The writ should be dismissed and the relators remanded to custody.