CHARLES E. HALLENBECK, as Guardian ad Litem of CHARLES E. R. HALLEN-BECK, an Infant, Respondent, v. LONE STAR CEMENT CORPORATION, Appellant.— Appeal from an order directing that the superintendent of defendant appear for examination before trial in connection with this action brought for damages to the infant plaintiff because of the alleged negligence of the defendant in having and storing certain explosives by which the infant plaintiff was injured. Order affirmed, with $10 costs and disbursements. The date, place and person before whom the examination is to be held is to be fixed by stipulation. All concur.

STAR INSURANCE COMPANY OF AMERICA, Appellant, v. SAMUEL ACCORDINO et al., Respondents.— Plaintiff has appealed from an order of Schenectady Special Term of Supreme Court, and from a judgment, which order and judgment dismissed plaintiff's complaint for unreasonable neglect to prosecute the same. In January, 1933, plaintiff issued and delivered a certain policy of insurance by which it insured certain premises located in the city of Schenectady, New York. While the policy was in effect a fire occurred on January 12, 1934, as a result of which the premises were damaged. Plaintiff declined to pay the amount of the loss and defendant Bisgrove, a mortgagee, instituted an action against it to recover the amount of such loss. That action was compromised by the payment of $1,700 by plaintiff to defendant Bisgrove. As a result of that payment the plaintiff claimed to be subrogated to the rights of the mortgagee to the extent of such payment. The premises were conveyed to defendant Cichocki on December 28, 1937. He became a purchaser in good faith and without notice of any claim of plaintiff. In 1940 plaintiff instituted an action against all defendants to foreclose its lien. The action was placed on the calendar for the term commencing January 20, 1941. It remained on the calendar until September, 1942, when the presiding justice struck it off. No order was ever obtained restoring the case to the calendar but it reappeared in November, 1942, by the filing of a note of issue. No effort was made to bring it to trial. Thereafter defendants moved to dismiss it for failure to prosecute which resulted in the order appealed from. The Special Term properly exercised its discretion in dismissing the action. Order and judgment affirmed, with $10 costs and disbursements. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH RIZZO et al., Appellants, against HARRY W. RANDALL, as Constable of the Town of Johnsburg, Respondent.— Appeal from an order dismissing a writ of habeas corpus. The information upon which the warrants were issued charge the commission of a misdemeanor or misdemeanors. The determination of the Special Term which remanded relators to the custody of the defendant should be affirmed. Order affirmed, without costs. All concur.

GEORGE MELDRUM et al., Appellants, v. STATE OF NEW YORK, Respondent.— Appeal from a judgment of the Court of Claims which made an award for damages suffered when land was taken from claimants in connection with laying a water pipe for the Green Haven Prison, Dutchess County, N. Y. Judgment of the Court of Claims affirmed, without costs. All concur.