Dore, J.
In a proceeding pursuant to the additional alternative method provided in section 4 of the Commercial Rent Law, as amended in 1949*, appellants, landlords, appeal from final order of the Supreme Court in New York County dismissing on the merits after trial the landlords’ petition to fix the fair *747 rental value per square foot of commercial space occupied by two tenants in the landlords’ property on the southeast corner of Madison Avenue and 34th Street, borough of Manhattan, New York, N. Y. The property has a frontage of about 49 feet on Madison Avenue and about 153 feet on East 34th Street with an L-shaped extension on East 34th Street running south through the block to East 33rd Street. The building, erected in 1924 — 25, is of fireproof construction, eighteen stories high and contains a basement and subbasement.
On the argument, the landlords abandoned their appeal as to the tenant Wyandotte occupying subbasement space in the premises and, accordingly, the final order appealed from dismissing the proceeding so far as it affects the tenant Wyandotte is affirmed.
That leaves for consideration only the issues relating to the tenant Tutundgy occupying as a statutory tenant that part of the premises which would ordinarily be called the ‘1 store ’ ’ floor on the southeast corner of Madison Avenue and 34th Street and also, on a different level, an L-shaped extension running south from 34th to 33rd Street. The Tutundgy space is used as a showroom office, stock room, cutting and sample room for the sale of undergarments, pajamas, etc. No retail business is conducted. By reason of stipulations made on the appeal, it is unnecessary for us to decide many issues of fact vigorously contested at trial, including the total amount of square feet of space involved, and the type of the space, i.e., whether it should properly be considered store or loft space.
After a complete trial in which the learned trial court received full evidence from both sides on the basic figures and the relative value of the space occupied, the court at the close of the trial held it would enforce the language of the statute relating to the alternative method “ strictly and literally ”, and in its decision found all relevant figures necessary for a determination under section 4, and then held, in view of the figures found, that the income from the entire premises was in excess of the amount permissible by application of the statutory formula and, under the circumstances, the landlords were receiving a fair and reasonable return and, therefore, the court deemed it ‘ ‘ unnecessary to apply the optional square foot rule set forth in the alternative proceeding ” and dismissed the landlords’ petition on the merits.
That decision was rendered January 13, 1950; the final order appealed from was entered January 26, 1950; thereafter *748 (and indeed after filing briefs on appeal) this court on April 25, 1950, in the Matter of Barry Equity Corp. (Marcia Hat Co.) (276 App. Div. 685), handed down a decision determinative of the main legal issues on this appeal. In that case, which was also an alternative proceeding under section 4, as amended in 1949, we rejected literal interpretation of the alternative proceeding statute and held that the square footage of the respective rental spaces in the building must be weighted or adjusted in proportion to their relative rental value and that the landlord is entitled to recover from each statutory tenant the amount of rent apportioned to him “ regardless of how much income is received from the rest of the building.” (P. 690.) Before the report of the New York State Temporary Commission to Study Rents and Rental Conditions, dated March 22, 1950, and, therefore, before the 1950 amendments to the act, adopted thereafter, the majority opinion of this court by Justice Van Voorhis had been written and completed as it was later published when the case was decided on April 25, 1950. In that opinion we applied the rule of statutory construction that avoids absurd results and the likelihood of unconstitutionality that literal construction might connote; and we held that the relative value, i.e., the quality and character of the location of the particular space, must be considered in determining a fair rental value per square foot.
Our decision in the Barry Equity case (supra) requires reversal on the merits of the order appealed from dismissing the proceeding as to the tenant, Tutundgy. As above indicated, stipulations made by both sides on the appeal dispose of many of the factual issues contested at the trial. Thus the tenant Tutundgy for the purposes of this appeal expressly stipulates that the amount of space occupied by him is, as now claimed on appeal by the landlord, 10,505 square feet. Similarly, the landlords for the purposes of this appeal stipulate to accept the testimony of the tenant Tutundgy’s real estate expert, Mayer, who at trial (contrary to the landlord’s expert) allocated to the so-called “ store ” premises occupied by Tutundgy a value per square .foot only equal to the square foot rental value of the upper floor or loft space in the building.
Accepting the concessions of fact in the stipulations on both sides on appeal, and applying the rule in the Barry Equity case (supra) to the relevant figures found in the record, we fix the square foot value of the Tutundgy space at $2.21 per square foot. Multiplying that by the 10,505 square feet, which the *749 tenant for the purpose of the appeal admits it occupies, would produce the sum of $23,216.05. However, subdivision 2 of section 4 of the act (the alternative square foot proceeding) as amended in 1950 (L. 1950, ch. 327, eff. March 31, 1950) expressly limits any increase to a landlord in any one year to an amount not “ in excess of fifteen per centum greater than the amount of the rent being paid by the tenant ”. Tutundgy’s emergency rent, the amount being paid, is $13,800. Fifteen per cent of that is $2,070. Accordingly, the landlord is limited by the relevant facts and the applicable law to a rent from Tutundgy in the sum of $15,870 and that sum is fixed as Tutundgy’s rent.
. By the 1950 amendment the 15% limitation on increases under the alternative method in subdivision 2 of the section 4 is made expressly applicable to ‘ ‘ alternative proceedings pending at the time this subdivision as hereby amended takes effect It is true the report of the Temporary Commission to Study Bents, and Bental Conditions recommended that this clause was ‘ ‘ not intended to include cases on appeal. ’ ’ But the Legislature wisely refused to adopt such recommendation and merely provided without qualification as above indicated, that the 15% limitation applies to “pending” proceedings. The suggestion that the amendment should not apply to cases on appeal loses sight of the power of appellate courts on appeal. By the express provisions of subdivision 2 of section 584 of the Civil Practice Act in an appeal from a judgment rendered in an action tried by the court without a jury, the appellate court unless it affirms the judgment, “ shall so far as practicable, grant the motion for judgment which the court below ought to have granted ” (italics ours) (Civ. Prac. Act, § 584, subds. 1, 2; Clark v. Standard Rock Asphalt Corp., 233 App. Div. 536, affd. 259 N. Y. 595; Bernardine v. City of New York, 268 App. Div. 444, affd. 294 N. Y. 361). In such cases, and this is an illustration thereof, the proceeding is determined and decided on appeal though, as here, the decision may be the very opposite of the determination made at Trial Term. In that state of facts and law, to suggest that a case on appeal is not “ pending ” is using language without adequate conception of its meaning.
This conclusion is further confirmed by the fact that if there were to be a new trial, the decision of the case would be controlled by the 1950 amendment (see Matter of Rutherford Estates, Ltd. [Dorman Products], 277 App. Div. 1). *750 For the reasons stated in my opinion in the Barry Equity case (supra, in which Justice Cohn concurred), dissenting in part and only as to the effective date of the increase, I vote to grant the increased rent from the date of decision and not date of application. The rest of the court hold the increase is effective from the date of the application herein, viz., April 28, 1949.
The final order appealed from should be unanimously modified in accordance with this opinion so as to affirm, with costs and disbursements to respondent Wyandotte Worsted Co., dismissal of the landlords’ petition as to such tenant; but dismissal of the landlords’ petition as to the tenant Tutundgy is unanimously reversed, with costs to appellants, and the fair rental of the tenant Tutundgy is fixed in the sum of $15,870, payable (by majority vote) as of the date the landlords’ application was made, and the order as so modified is affirmed and judgment is directed to be entered accordingly. Settle order reversing any findings and conclusions not in accordance with this opinion and making contrary findings and conclusions.
Peck, P. J., Callahan, Van Voobhis and Shientag, JJ., concur; Dobe, J., dissents in part only as to the date and votes to make the rent fixed effective from the date of the decision.
Order unanimously modified in accordance with the opinion herein so as to affirm, with costs and disbursements to respondent Wyandotte Worsted Co., dismissal of the landlords’ petition as to such tenant; but dismissal of the landlords’ petition as to the tenant Tutundgy is unanimously reversed, with costs to appellants, and the fair rental of the tenant Tutundgy is fixed in the sum of $15,870, payable (by majority vote) as of the date the landlords’ application was made, and the order, as so modified, is affirmed and judgment is directed to be entered accordingly. Settle order reversing any findings and conclusions not in accordance with said opinion and making contrary findings and conclusions.

L. 1949, ch. 534.