OPINION OF THE COURT
James P. O’Donnell, J.
The People of the State of New York, through the Attorney-General, brings a motion on before this court, seeking summary judgment in favor of the plaintiff against the defendants, upon the grounds that there are no triable issues of fact and strictly a question of law involved. It appears from the moving papers that the defendants, Joseph Chimbers and Merald J. Smith, both were accused and convicted of the offense of violation of ECL 11-1301 (subd 1, par b) (Bass), ECL 11-1301 (subd 1, par b) (Pike), ECL 11-1301 (subd 1, par b) (Walleye Pike) of the Environmental Conservation Law under the Fish and Wildlife provision. Each were fined $100 in Town Justice Court in the Town of Sullivan, Madison County, New York.
*928 Thereafter, the State of New York through the Attorney-General’s office, brought a civil action against the defendants, pursuant to ECL article 11 and ECL article 71 (tits 5, 9) seeking civil penalties against the defendants. It appears from the moving papers that the defendants took fish out of season, which amounted to some 36 fish. That it is the contention of the People of the State of New York that beside the criminal penalty involved, there is a civil penalty of $25 per fish, plus a $60 penalty. It is the contention of the defendants that when the State elected to pursue the defendants criminally in Town Justice Court in the Town of Sullivan, they made an election and could not, thereafter, bring a civil action against the defendants. There do not appear to be any questions of fact involved in this matter, which would warrant the denial of summary judgment, but it is clearly a question of law and interpretation of the Environmental Conservation Law.
ECL 71-0919 prescribes the punishment of violation of Fish and Wildlife Law. This particular section is penal in nature. ECL 71-0925 deals with civil penalties, in which the present action is brought. Subdivision 1 of that section reads as follows: "Unless another penalty is specifically provided for in this subdivision or elsewhere in the Fish and Wildlife Law, sixty dollars and an additional penalty of twenty-five dollars for each fish * * * involved in the violation”. There has long been clear authority for the State to pursue the penalty, since the section of the Environmental Conservation Law was the successor to subdivision (6) of section 389 of the Conservation Law. (People v Johnson, 269 App Div 120, affd 294 NY 924; People v Levia, 3 AD2d 42.)
The courts have long recognized that the Legislature intended to specify both criminal and civil liability, under the provisions of the Conservation Law. (People ex rel. Rizzo v Randall, 185 Misc 1057, affd 270 AD 975; People v Donnelly, 232 NY 423.) Ownership of fish and game, within the State, is in its sovereign capacity and the State has the general right to protect fish and game and has done so by the use of penalties. The purpose behind the statute is to make it economically unsound for a person to fish in violation of the statute, since it is the method in which the State Legislature attempts to protect the fish population within the State.
It is the holding of this court that the criminal prosecution of the defendants, within the Town Justice Court in the Town of Sullivan, does not constitute a bar to the action by the *929 State to recover a civil penalty. Since there are no questions of fact to be resolved, the plaintiffs motion be and hereby is granted.