(162 App. Div. 186)

## RANDALL v. OSBORNE.

(Supreme Court, Appellate Division, Third Department. May 6, 1914.)

1. JUSTICES OF THE PEACE (§ 122*)—JUDGMENT—DEFAULT.

Where plaintiff had filed a verified complaint in a justice's court, the refusal of defendant, after her motion to dismiss had been denied, to file a verified answer, was an admission of the matters alleged in the complaint, and entitled plaintiff to judgment under Code Civ. Proc. § 2988, providing that, where defendant makes default in appearing or pleading in an action commenced by a verified complaint in a justice's court, judgment may be entered for the plaintiff.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 382–388; Dec. Dig. § 122.*]

2. JUSTICES OF THE PEACE (§ 187*)—APPEALS—DETERMINATION—RENDERING JUDGMENT.

Where defendant refused to file an answer to a verified complaint in a justice court, and the justice dismissed the complaint, instead of render-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing judgment for the plaintiff, the County Court on appeal can set aside the dismissal and direct judgment for the plaintiff, under Code Civ. Proc. § 3063, requiring the County Court to render judgment according to the justice of the case, and authorizing it to affirm, modify, or reverse the judgment of the justice.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 726; Dec. Dig. § 187.*]

Appeal from Hamilton County Court.

Action by Sarah P. Randall against Nora Osborne. From a judgment of the County Court, which reversed a judgment of the justice, dismissing the complaint, and directed a judgment for the plaintiff, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Eugene D. Scribner, of Gloversville, for appellant.

W. H. Bass, of Northville (Clarence W. Smith, of Johnstown, of counsel), for respondent.

SMITH, P. J. In justice's court plaintiff filed a verified complaint, which, if the matters therein alleged are true, entitled the plaintiff as matter of law to a judgment for $30. The defendant appeared and moved to dismiss the complaint on several grounds, which motion was denied. Thereafter the defendant refused to file a verified answer, the effect of which refusal was an admission of the matters alleged in the complaint, and entitled the plaintiff to judgment under section 2988 of the Code of Civil Procedure. The justice, however, dismissed the complaint. Upon an appeal to County Court the judgment of the justice was necessarily reversed, and as the plaintiff's cause of action stood admitted before the justice the County Court directed the judgment which the justice should have directed. Under section 3063 of the Code of Civil Procedure the County Court is required to render judgment according to the justice of the case, and may affirm, modify, or reverse the judgment in whole or in part. What the County Court in effect did was to modify the judgment from a judgment of dismissal to a judgment in favor of the plaintiff, to which judgment plaintiff was entitled as matter of law. This was clearly within the power of the County Court, and the judgment appealed from should therefore be affirmed, with costs.

Judgment affirmed, with costs. All concur.