FREDERICK W. GNICHTEL, as Receiver of the SWINEHART TIRE AND RUBBER COMPANY OF NEW JERSEY, Appellant, v. IRVING D. STONE, Respondent.

**Trial — defendant in default of proof — motion for direction of verdict — credibility of uncontradicted witnesses — when plaintiff's evidence sufficient to require defendant to offer evidence.**

1. Where, in an action brought by the receiver of the property and assets of a corporation against a former stockholder and director of the corporation to recover the amount paid to him upon the purchase of his stock by the corporation — the complaint alleging that the transaction was in fraud of creditors — the essential allegations were established by plaintiff's evidence, defendant offering no evidence and not present at the trial but appearing by counsel, who cross-examined plaintiff's witnesses, two of the officers of the corporation and not friendly to plaintiff, it was error for the trial court to send the case to the jury and to charge in substance that the value of such evidence depended upon the credibility of the witnesses. The evidence of plaintiff was sufficient to require the defendant to sustain his denials by evidence. He had knowledge of the facts and did not deny them. Part of the witnesses were taken from the enemy's camp and it was not to their interest to establish their own misconduct by giving frank and unequivocal evidence for the plaintiff.

2. It was error to submit to the jury the question as to the adoption of a resolution of the board of directors to purchase defendant's stock, saying: " Does it come to your minds with that probative force which would justify you in finding that " the defendant " stole this money? " A director of the corporation testified that he was present at and acting secretary of the meeting and that a resolution was passed to buy back defendant's stock at par value, of which no formal record was kept, and he appears, also, as an unfriendly or reluctant witness and not as one whose evidence should be carefully scrutinized.

3. It was error for the court to submit to the jury the question of the insolvency of the corporation when it appears by its own declaration that it was indebted in a large sum; and that it was unable to pay when it parted with all its assets and paid defendant for his worthless stock. No question of credibility was presented on this point. The payment for defendant's stock was, in the circumstances, in fraud of creditors.

30

4. It was error for the court to charge that, although the defendant produced no testimony, the burden was on the plaintiff to establish his case by a fair preponderance of the evidence, a preponderance of credible testimony. No balancing of conflicting· evidence was called for and it was prejudicial to the plaintiff as suggesting a heavier burden of proof than the law rested upon him.

5. It was error for the court to charge that the jury·had the right to disregard the testimony of any witness, even though that testimony may ·be uncontradicted.

*Gnichtel* v. *Stone*, 198 App Div. 1002, reversed.

(Argued May 11, 1922; decided May 31, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 2, 1921, affirming a judgment in favor of defendant entered upon a verdict.

*Joseph Beal* for appellant. . The plaintiff's motion for the direction of a verdict in his favor at the conclusion of the evidence should have been granted. (*People* v. *Davis*, 231 N. Y. 60; *Tucker* v. *O'Brien*, 117 N. Y. Supp. 1010; *Candee* v. *Penn. R. R. Co.*, 147 N. Y. Supp. 529; *Byrne* v. *B. C. R. R. Co.*, 56 N. Y. S. R. 127; 145 N. Y. 619; *Lomer* v. *Meeker*, 25 N. Y. 361; *Kavanagh* v. *Wilson*, 70 N. Y. 177; *Kelly* v. *Burroughs*, 102 N. Y. 93; *Decker* v. *Sexton*, 19 Misc. Rep. 59; *Gallagher* v. *Crooks*, 132 N. Y. 338.)

*Neil F. Cullom* for respondent.

POUND, J. Defendant was a stockholder and director of the Swinehart Tire and Rubber Company, a New Jersey corporation, which was a selling company, subsidiary to the Swinehart Tire and Rubber Company of Ohio. He was the owner of 25 shares of its capital stock of the par value of $2,500. It is alleged that on April 17, 1914, the directors, including defendant, voted to purchase his stock. for $2,500. At the same time the directors took back from Kingsbury, another director, his shares of stock and returned to him his promissory note of $1,250, which he had given for such shares. About this time it

turned over all its remaining assets to the Ohio Swinehart Company to apply on an indebtedness of $6,000–$7,000, thereby reducing same to $4,700. Judgment for the balance was obtained against the New Jersey corporation on February 19, 1916. Plaintiff as receiver of the property of the New Jersey corporation sues to recover the $2,500 paid defendant, alleging that it was transferred to him in fraud of creditors. The answer denies the material allegations of the complaint in this regard.

Plaintiff offered evidence establishing the essential allegations of his complaint. Defendant offered no evidence. He was not present at the trial, but appeared by counsel who cross-examined plaintiff's witnesses. He relied, as was his right and privilege, solely on the weakness of plaintiff's proofs and plaintiff's failure to make out his case by competent credible testimony.

Plaintiff moved for the direction of a verdict in his favor. The motion was denied and an exception was taken to the ruling of the court. The court then submitted to the jury, first, the question whether defendant received $2,500 from the corporation. Walsh, the president of the Ohio company, testified that Stone said to him that he had the money and was going to keep it. Hull, the treasurer of the New Jersey company, practically admits drawing the corporate check therefor. The court told the jury that the value of this testimony depended upon the credibility of the witnesses who gave it. The credibility of the testimony of Walsh, the representative of the Ohio company as to defendant's admissions might, if uncorroborated, have presented a question for the jury (*Michigan Carbon Works* v. *Schad*, 38 Hun, 71), but Hull was not a friendly witness whose evidence should be carefully scrutinized and in the circumstances he sufficiently corroborated Walsh.

The court also submitted to the jury the question as to the adoption of a resolution of the board of directors to purchase the defendant's stock, saying: " Does it

come to your minds with that probative force which would justify you in finding that Stone *stole this money?* " Kingsbury, a director of the New Jersey corporation, testified that he was present at and acting secretary of the meeting of the board and that a resolution was passed to buy back defendant's stock at its par value, of which no formal record was kept. He also appears as an unfriendly or reluctant witness and not as one whose evidence should be carefully scrutinized.

The court also submitted to the jury the question of the insolvency of the New Jersey corporation. It appears by its own declaration that it was indebted in a large sum that it was unable to pay when it parted with all its assets and paid defendant $2,500 for his worthless stock. No question of credibility was presented on this point. The payment for defendant's stock from the funds of the corporation was, in the circumstances, in fraud of creditors. (*Darcy* v. *Brooklyn & N. Y. Ferry Co.*, 196 N. Y. 99.)

Although the defendant produced no testimony, the court charged the jury, over plaintiff's exception, that the burden was on the plaintiff to establish his case by a *fair preponderance* of the evidence, *a preponderance of credible testimony*. The learned trial justice no doubt intended thereby merely to instruct the jury that they were to pass upon the credibility of plaintiff's witnesses, but the language of the charge was unsuitable for the occasion. No balancing of conflicting evidence was called for and it was prejudicial to the plaintiff as suggesting a heavier burden of proof than the law rested upon him.

The court further instructed the jury over exception that the jury had the right to disregard the testimony of *any witness*, even though that testimony was uncontradicted. The record is not free from other substantial errors of the trial court in ruling on the admissibility of evidence and in charging the jury. The jury rendered a verdict for the defendant.

The evidence of plaintiff was sufficient to require the

defendant to sustain his denials by evidence. Defendant had knowledge of the facts and did not deny them. Hull and Kingsbury were taken from the enemy's camp. It was not to their interest to establish their own misconduct by giving frank and unequivocal evidence for the plaintiff. They shuffled and wavered, but their evidence permits but one reasonable inference and that was in plaintiff's favor. Even the evidence of Walsh, the president of the creditor company, was neither surprising nor suspicious except as we may generalize and say that all cases depending solely on evidence of admissions made by the adverse party to his opponent and testified to by the latter should be carefully considered before the facts can be taken as legally established. While plaintiff's proof was not as positive and systematic in all respects as it might have been, it was neither improbable nor lacking in probative force. It should not have been disregarded by the court nor by the jury. It might have been weak against conflicting testimony, but alone it stood well enough. (*Kavanagh* v. *Wilson*, 70 N. Y. 177, 179; *Hull* v. *Littauer*, 162 N. Y. 569; *Second National Bank of Morgantown* v. *Weston*, 172 N. Y. 250, 258.) The learned trial justice properly regarded the evidence as unsatisfactory in form and was thereby led into the error of holding that it was insufficient in law and refusing to direct a verdict for the plaintiff. He then submitted the question of credibility so broadly as to permit the jury to disregard the uncontradicted, unimpeached and credible evidence of witnesses who showed neither actual nor implied bias in favor of plaintiff. The court went somewhat further than the law purposes in the laudable desire to protect the rights of a defendant who was not in default.

The judgments should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.