SIDNEY GROSVENOR, as Agent for WILLIAM DAVIS, Appellant, *v.* EDWARD F. HOLLAND, Respondent.

County Court, Schenectady County, April 8, 1936.

*Burritt B. Johnson,* for the appellant.

*John E. Kelly,* for the respondent.

LIDDLE, J. The plaintiff in his complaint alleges among other things that on the 1st day of December, 1934, the defendant, Edward F. Holland, agreed to pay to Sidney Grosvenor, as agent for mortgagees, thirty-five dollars a month in advance for the use of the property commonly known as 1153 Keyes avenue in the city of Schenectady; that payments were to begin October 1, 1934; that the rental from October 1, 1934, until May 1, 1935, at thirty-five dollars a month amounted to $245; that the defendant paid $160 and that there is a balance due and owing this plaintiff of eighty-five dollars. Defendant was to vacate upon service of a thirty-day notice. The defendant executed the said agreement in the presence of plaintiff, Sidney Grosvenor.

The defendant admits the allegations of the complaint, excepting, however, that the agreement heretofore referred to was void for want of consideration. The defendant further as a separate defense alleges that he was the owner and in possession of said premises; that on the 26th day of March, 1935, a deed was executed and delivered satisfying the indebtedness to the plaintiff.

From the testimony it appears that defendant, Edward F. Holland, was the owner and in possession of the premises at 1153 Keyes avenue, in the city of Schenectady; that at the time of the execution of the alleged agreement dated December 1, 1934, and accepted by the plaintiff as agent for the mortgagees, the defendant was indebted to the plaintiff, as agent, for unpaid interest in the amount of $142.50 on the first mortgage, which was due in the amount of $4,500. Also, that the defendant was indebted to the plaintiff as agent for the second mortgagee in the amount of unpaid interest and principal in the amount of $1,908.94. Also, that the defendant was indebted for unpaid taxes and assessments which were due against the premises. From the evidence it further appears that pursuant to said agreement dated December 1, 1934, the defendant made payments at various times between December first and April first in the amount of $160, leaving a balance due this plaintiff in the amount of eighty-five dollars.

Taking judicial notice of the depression and the decrease in the values of real property, it can be readily understood that the defendant, Edward F. Holland, had no equity in the property except on paper. No evidence being offered contradicting the testimony of the plaintiff and the plaintiff's witnesses, for the purpose of appeal, the testimony of the plaintiff and the plaintiff's witnesses must be construed as true. Where the plaintiff offers affirmative evidence on the allegations of his complaint and defendant offers no testimony contradicting the testimony of the plaintiff and plaintiff's witnesses, no balancing of conflicting evidence is required. (See *Gnichtel* v. *Stone*, 233 N. Y. 465.)

In the absence of fraud or collusion or a written agreement, promise or pledge, the rents of mortgaged property belong to the owner of the equity until judgment of foreclosure and sale.

What we have here may be described as an agreement or pledge subordinate to the mortgage executed by the mortgagor in writing with the mortgagee's agent whereby the mortgagor in consideration for the use of the premises and to forego the payment of interest pledged himself to pay rent. It seems clear and I am of the opinion that the agreement was in substance in the form of a lease and that thereby the mortgagor legally recognized and affirmed that by reason of his indebtedness he recognized the principle that he had no equity of redemption in the premises. The execution and delivery of a deed affirms this principle. (See *Bank of Manhattan Trust Co.* v. *571 Park Avenue Co.*, 263 N. Y. 57.)

So long as the mortgaged premises were not sold under a judgment of foreclosure, the agreement and pledge executed by the owner although in possession of the premises is valid and subsistent. The defendant stands in the same position as an owner of the equity assigning the rents to the mortgagee or a creditor. (See *Womans Hospital* v. *67th Street Realty Corp.*, 265 N. Y. 226.)

There appears to be a further and elementary reason for the reversal of the judgment of the court below. The defendant affirmed his promise, agreement or pledge by paying the thirty-five dollars monthly and in fact by paying the sum of $160. This agreement and pledge was not only an executory agreement, it on the contrary, became an executed pledge or agreement.

The question remains as to the proper disposition of this appeal. *Randall* v. *Osborne* (162 App. Div. 186) and *Cookinham* v. *Hepler* (144 Misc. 359) are authority for the proposition for the County Court to " ' Modify ' a judgment rendered in the court below, by rendering an entirely different judgment."

I, therefore, reach the conclusion that the judgment of the court below should be modified and that judgment be rendered in favor of the plaintiff-appellant in the amount of eighty-five dollars, together with costs and disbursements to the plaintiff-appellant.

Submit order.