THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* CARL LEVIA, CLARK DISHAW, JAMES H. MARSHAW, EDWARD KIAH, ROBERT T. GILBERT and PETER GILBO, Respondents.

Third Department, December 20, 1956.

· *Jacob K. Javits,* Attorney-General (*William D. Bresinhan, James O. Moore, Jr.,* and *George J. L. Taylor* of counsel); for appellant.

: *Richard C. Algie* for Carl Levia and others, respondents.

*Charles D. Campbell* for Edward Kiah, respondent.

*Per Curiam.* This is a civil action to recover penalties from each of the defendants for alleged violations of the Conservation Law, tried in Supreme Court, St. Lawrence County. The People appeal from five judgments in favor of the five defendants

entered upon order of the trial court at the close of the People's case, dismissing the complaint on the ground that the People had failed to establish a prima facie case.

The essence of the complaint is that the defendants " acting in concert " unlawfully " took " three pike perch from the Oswegatchie River during the closed season, and that the defendants " acting in concert " unlawfully " possessed " the fish. It is undisputed that the alleged violations took place on April 18, 1954, during the closed season for pike perch. Subdivision 27 of section 380 of the Conservation Law provided, among other things, that " ' Taking ' * * * includes every attempt to take and every act of assistance to any other person in taking ", and, " A person who counsels, aids or assists in a violation * * * or knowingly shares in any of the proceeds * * * by receiving or possessing either fish * * * shall be deemed to have incurred the penalties ". (L. 1941, ch. 257, repealed by L. 1955, ch. 630.)

In accordance with the well-established rule on a motion for a nonsuit, the truth of the evidence offered by the plaintiff must be assumed, including every reasonable inference that may be drawn therefrom. The jury could have found or reasonably have inferred that the defendants were together, with full knowledge and approval of what was going on, and that each participated and assisted, at least as a " look out ", and that all of the defendants save two performed some overt act of assistance beyond that of " look out." It could then be found that the defendant Levia was fishing from an abutment with a rod and line and that he caught three fish identified as pike perch; that the fish were " gaffed " and pulled on to the abutment by another defendant using a stick with a hook on the end; that one defendant procured a weight and " stringer " which were used to " string " and conceal the fish under water at a point about four feet from where Levia was standing; that when approached by game wardens who had been watching from a distance, the " gaff stick " was thrown into the water by the side of a boathouse from where it was retrieved by a game warden, and that the three pike perch, weight and stringer were retrieved from the water by the wardens. The trial court refused, we think erroneously, to receive the fish, weight and stringer in evidence, and refused to receive the " gaff stick " except as against the defendant who held it in his hand and threw it in the water. Of course witnesses could not positively identify the three fish as the same three they had seen caught, but the connection was so close as to render the exhibit competent evidence. The absence of direct and positive proof went

to the weight, not to the competency. (*People* v. *Neufeld,* 165 N. Y. 43, 47; *People* v. *Bonier,* 189 N. Y. 108.)

Apparently the trial court misapprehended the rule upon a motion for a nonsuit when it stated: " Applying the rule of fair preponderance of evidence, I am going to grant your motion ". Defendants offered no evidence. The fair preponderance of evidence was not in the case. (*Gnichtel* v. *Stone,* 233 N. Y. 465.) Only a prima facie case was necessary, and we think that upon the evidence presented the motion for a nonsuit should have been denied. (*People* v. *Johnson,* 269 App. Div. 120.)

The judgments should be reversed and a new trial ordered, with costs to abide the event.

FOSTER, P. J., BERGAN, COON, HALPERN and GIBSON, JJ., concur.

Judgments reversed and a new trial ordered, with costs to abide the event.