THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. CARL LEVIA, CLARK DISHAW, JAMES H. MASHAW, EDWARD KIAH, ROBERT T. GILBERT and PETER GILBO, Respondents.— This is an action by the People of the State of New York against the above-named defendants for alleged violations of certain sections of the Conservation Law. It seeks penalties under that law for the taking and possession, on April 18, 1954, of three pike perch out of season. The history of the case deserves mention. The defendants-respondents were first tried in St. Lawrence County Court in June of 1954 on an indictment charging them with the crime of taking pike perch out of season in violation of sections 170 and 210 of the Conservation Law. At the close of the People's case, the court granted respondents' motions to dismiss the indictment upon the ground that the People had failed to prove the crime charged. No appeal was taken therefrom. In January of 1955 this action was instituted by the Attorney-General and came on for trial before Supreme Court Justice CHARLES M. HUGHES and a jury. Justice HUGHES dismissed the complaint at the close of the People's case. An appeal was taken to this court and the judgments of dismissal were reversed and a new trial ordered upon the ground that the case should have been submitted to the jury. (*People* v. *Levia*, 3 A D 2d 42.) On April 23, 1957 this action came on again for trial, this time before Justice ANDREW W. RYAN and a jury. Unanimous verdicts of no cause of action were returned by the jury. On appeal the People attack the result upon the ground that the court should have directed a verdict for the People, and, second, that errors were committed in the charge, principally on the ground that the court charged the fair preponderance of evidence rule. As to the first ground, we have already held (*People* v. *Levia, supra*) that there were questions of fact to be submitted to the jury, and we now hold that on this present trial the case was properly submitted to the jury (*Sadowski* v. *Long Is. R. R. Co.*, 292 N. Y. 448). Assuming that the court erred in charging the fair preponderance of evidence rule in this civil case (*Gnichtel* v. *Stone*, 233 N. Y. 465), a careful reading of the charge, as a whole, reveals that it was comprehensive and eminently fair to the People. The jury under the charge understood that it was passing upon the credibility of the People's witnesses and the reasonable inferences from their testimony and that there was no balancing of conflicting evidence present. For example, the record reveals that the following exchange occurred between the court and the assistant attorney-general, as one of the requests to charge:

962

"Mr. Bresinhan: * * * May I ask your Honor to say to the jury that in view of the fact that the Defendants did not take the stand, no balancing of conflicting evidence is before them." "The Court: I so charge." We feel that there was no substantial error in the charge which would have affected the result. Judgments affirmed, without costs. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.