■   JAMES MALANIFY et al., Respondents, v. PAULS TRUCKING COMPANY et al., Appellants.  (And Three Other Actions.) — *Per Curiam*.  Appeals by the defendants responsible for the operation of a tractor-trailer from judgments entered upon verdicts against them and defendant Acker, and from orders denying motions to set aside said verdicts, in actions to recover damages for the death of plaintiff Murray's intestate and for the personal injuries sustained by plaintiffs Malanify, Cutie and Cioffi, as the results of a collision between said tractor-trailer and an automobile, found by the jury to have been operated by defendant Acker's intestate, in which said plaintiff's intestate and said plaintiffs were passengers; and appeals, also, by the defendants in three of the actions from judgments of no cause of action rendered in favor of defendant Malanify, who was asserted by them to have been the operator of the passenger vehicle.  Appeals taken by defendant Acker have not been prosecuted.  Neither of the surviving occupants of the passenger car was able to testify as to which of them was driving at the time of the accident, one being amnesic and the other two having been asleep, one of the latter, the plaintiff Cutie, testifying, however: " I was awakened by a smell of pungent odor of burning rubber.  It was quite detectable, because it had awakened me from my sleep, and I started to arouse myself, but I never got my eyes open, because immediately the impact occurred." The plaintiffs, unnecessarily as it eventuated, adduced a quantity of expert proof designed to reconstruct the accident.  Some part of that evidence was competent and was properly received; a substantial portion of it — principally that as to the unlikelihood of the trailer's tires being deflated by impact with the lighter vehicle and the opinion evidence as to what caused the tire or tires to ignite, and that as to the tractor-trailer's speed — should not, upon the showing here, have been received; but the improper expert proof was in no way essential to the finding of liability and the aggregate thereof was not of such weight as to require reversal, in the light of the great preponderance of the evidence, adduced from interested and disinterested witnesses alike and from the physical facts, that the accident occurred because defendants' unit was proceeding, necessarily at a slow pace, or was stopping, in the northbound lane of the Thruway, shrouded from the view of the driver of the passenger car approaching from the rear by a " curtain " of smoke emitted from the burning tires of the trailer.  Defendant operator's version could not reasonably have been given credence, assuming it was not physically impossible; and the jury was entitled to find significant the evidence of defendants' destruction of the burned tires and of certain maintenance records.  Implicit in the well-established facts was negligence on the part of the tractor operator.  The conduct of the other driver in proceeding blindly ahead could properly be found negligent.  No sufficient basis appears for disturbing the jury's finding that decedent Acker was the operator of the passenger vehicle.  Turning to appellants' assignments of error, we find none in the exclusion of the State Trooper's memorandum. We consider that, under all the circumstances, the error in admitting the

photograph of the Murray family was not so substantial as to be prejudicial except, perhaps, as it may have influenced the jury's award of damages, which requires reappraisal in any event, because of the erroneous submission of a cause of action for conscious pain and suffering; the retrial to be limited to the issue of damages (CPLR 4404; *Mercado* v. *City of New York*, 25 A D 2d 75). We find no other error so substantial as to warrant reversal. Judgments and orders in Actions Nos. 1, 2 and 3 affirmed, with costs to respondents. Judgment and order in Action No. 4 modified, on the law and the facts, and in the exercise of discretion, and motion to set aside the verdict granted to the extent of directing a new trial solely on the issue of damages, and, as so modified, affirmed, without costs in this court. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Brink, JJ., concur.