■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID LEWIS, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered February 15, 1984, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the third degree.

In the early morning of August 23, 1983, the Schanz Beverage Center in the City of Watervliet was broken into and approximately 13 cases of Molson's beer were taken. The burglary took place sometime between 2:00 A.M., when a police officer made a routine inspection of the premises and found all windows to be intact, and 6:30 A.M., when a neighbor noticed a rear window of the beverage center was broken and called the owner. Later that morning, between 10:30 A.M. and 11:00 A.M., defendant called the owner of the Schuyler Pub in Watervliet, Charles Burmaster, and offered to sell him some beer. Defendant sold and delivered to him seven cases of Molson's beer for $50. Defendant told Burmaster he had more beer available if he was interested. Burmaster called the police and subsequently turned six of the seven cases over to the Watervliet Police after using one for his personal use.

Defendant was indicted for burglary in the third degree, petit larceny and criminal possession of stolen property in the third degree. After trial before a jury, County Court accepted a partial verdict acquitting defendant of burglary in the third degree and convicting him of the crime of criminal possession of stolen property in the third degree. He was sentenced to one year in the Albany County Jail. This appeal followed.

There should be an affirmance.

Claiming that there was no evidence that the beer was stolen and, if it was, that defendant knew it was stolen, defendant argues that he is entitled to reversal on the ground of insufficient evidence. This contention is rejected. The witnesses sufficiently identified the beer to allow the jury to properly conclude that it was the same beer taken from the beverage center and possessed and sold by defendant to Burmaster. With a fungible property such as beer, no witness can be expected to positively identify it (see, People v Levia, 3 AD2d 42, 43). Witnesses identified the beer as the same brand with the same appearance as was present in the beverage center and sold to Burmaster. Defendant was shown to be at the scene of the beverage center at the time when the beer

was probably taken and he was the one who delivered it to Burmaster. The jury could therefore properly find that the beer was stolen.

"Direct proof of culpable knowledge on the part of a defendant in a criminal possession of stolen property trial is rare" *(People v Sharland,* 111 AD2d 479). Consequently, the People may properly rely on circumstantial evidence to prove defendant's knowledge. The level of proof required is beyond a reasonable doubt. It is not necessary to exclude all hypotheses but guilt *(see, People v Von Werne,* 41 NY2d 584, 590). Where a defendant is found in exclusive possession of property soon after the crime and there is no evidence that defendant may have received the contraband from an accomplice, or possession is unexplained or falsely explained, a jury is permitted to draw an inference of culpable knowledge *(People v Johnson,* 65 NY2d 556, 562).

Defendant's next argument, that defects in the Grand Jury proceeding or in his indictment require reversal of the conviction and dismissal of the indictment, is without merit. Defendant is precluded from raising these issues on this appeal since his conviction was supported by legally sufficient trial evidence *(see,* CPL 210.30 [6]; *People v Pelchat,* 62 NY2d 97, 109). A defendant is also barred in such cases from asserting error in the Grand Jury proceedings *(People v McGrath,* 115 AD2d 128, 129-130).

We find unpersuasive defendant's contention that County Court's instructions to the jury on the offenses charged were in error. Initially, we note that since defendant was acquitted of burglary and larceny, any alleged error relating to those charges cannot serve as a basis for appeal *(see, People v Rockwell,* 97 AD2d 853, 854). Consequently, we need comment only on defendant's argument that County Court allegedly failed to instruct the jury regarding the presumption found in Penal Law § 165.55 (1)—that one "who knowingly possesses stolen property is presumed to possess it with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof"—is rebuttable *(see, People v Felcone,* 43 NY2d 976). Defendant did not object on this ground at trial and cannot now raise the issue before this court *(see, People v Osuna,* 65 NY2d 822; *People v West,* 56 NY2d 662). Further, it appears that County Court's charge in this respect was proper and there are no grounds to reverse in the interest of justice (CPL 470.15 [6] [a]). Moreover, there is no requirement that the court specifically charge that the presumption in Penal Law § 165.55 (1) may be rebutted.

However, a court clearly may not cause the jury to believe the presumption is irrebuttable (see, People v Barrie, 74 AD2d 576). County Court correctly charged the jury on the elements of the crime of criminal possession that needed to be proven and that needed to be established beyond a reasonable doubt.

Finally, we have considered defendant's other allegations of error, including that regarding County Court's Sandoval ruling, and find them unpersuasive.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.