OPINION OF THE COURT
Jacqueline M. Koshian, J.
At the conclusion of a six-week jury trial on a wrongful death cause of action, a verdict was awarded in favor of the plaintiff and against the defendants, Browning-Ferris Industries and Newco Waste Systems, for $89,200 loss of earnings from date of death to date of verdict, $3,318 funeral expenses and $500,531 future loss of earnings extending over a term of 25 years.
Plaintiffs counsel moves pursuant to CPLR 4404 to set aside this verdict and order a new trial on damages on several grounds, namely, that there was no liability found against three other defendants, that the verdict is against the weight of the evidence and that the verdict is inconsistent in that no damages were awarded for "loss of household services” and "loss of parental guidance.” Plaintiffs counsel also moves, in the alternative, that should this court deny his motion to set aside the verdict and order a new trial, then in that event, this court should not apply the CPLR article 50-B provision to this verdict.
Counsel for defendants, Browning-Ferris Industries and Newco Waste Systems, renews motions made earlier to dismiss plaintiffs cause of action, and moves at this time to set aside the jury verdict as being contrary to the weight of the evidence, pursuant to CPLR 4404. In the alternative defendants’ counsel moves to have the court reduce the verdict with respect to future damages to present value, and in support thereof reminds this court that it (the court) did represent, during a precharge conference, that it would follow the statute and reduce the future damages accordingly. Counsel claims, had this not been the case, he would have objected "to the Court’s removing from the jury, and allocating to itself, the task of reducing future damages to present value.” Such an objection would be without merit in light of the statute’s wording.
Plaintiffs motion to set aside the verdict with reference to the defendants East Manufacturing Corporation, HL-NIW, Inc., d/b/a H & L Leasing, and Heavy Equipment Leasing Services, Inc., is hereby denied.
*190 Defendants’ motion renewing the motions made during trial to dismiss plaintiff’s cause of action is hereby denied.
The plaintiff’s case against the defendants Hugh Cole Construction, Ltd. and Robran Construction, Ltd. was dismissed by the court.
This court has been presented with what might best be described as a legislative dilemma with regard to the remaining motions. This dilemma refers specifically to CPLR 4111 (f) when read in conjunction with CPLR 5041.
CPLR 4111 (f) applies to certain actions commenced on or after July 1, 1985, and, as a result of an amendment in Laws of 1988 (ch 184, § 20), it also applies "to all actions in which a trial has not been commenced as of August first, nineteen hundred eighty-eight.” With the passage of Laws of 1986 (ch 682), CPLR 5041 became effective on July 30, 1986, with nary a word about those actions in which trial had not commenced by August 1, 1988. CPLR 4111 (f) directs that the court shall, in a personal injury, injury to property or wrongful death action, instruct the jury, should it decide to award damages, to itemize its verdict by specifying the "applicable elements of special and general damages”, and in addition, to further itemize each element of damages "into amounts intended to compensate for damages that have been incurred prior to the verdict and amounts intended to compensate for damages to be incurred in the future.” The last sentence of this statute states, "In computing said damages, the jury shall be instructed to award the full amount of future damages, as calculated, without reduction to present value.” (Emphasis added.)
This action was commenced in 1985 and the trial began in January of 1989. By virtue of the trial date, CPLR 4111 (f) applies to this action. Accordingly this court instructed the jurors that should they reach the question of damages, they shall then itemize their verdict and "award the full amount of future damages, as calculated, without reduction to present value.” During a precharge conference with all counsel in attendance, there was discussion about the court reducing any verdict rendered, to present value, therefore, following the above-mentioned instruction to the jury, the court did add, "Any determination with reference to present value shall be left to the court.” Now that the dust has settled and counsel have read the sections of the law referred to herein, they are each pressing this court to treat the verdict according to their respective interpretation of this legislative maze.
*191 It would seem likely that the intent of the Legislature was to have CPLR 4111 (f) and CPLR 5041 operate in sync with each other. However, a hybrid situation now occurs with reference to those wrongful death cases commenced prior to July 1, 1985 but tried after August 1, 1988. Statutorily, CPLR 4111 (f) does apply while CPLR 5041 does not. This court is not empowered to rectify legislative errors, as there seems to be present here, or for that matter, to speculate as to legislative intent. In this situation, I suppose it could be said that "it is not for us to reason why — it is for us to do or die”.
Although the outcome in this instance may appear to be incongruous, the simple reality is that CPLR 4111 (f) will apply to this action while CPLR 5041 will not.
Based upon this determination by the court, the verdict as delivered by the jury does not "shock the conscience of the court”, is not deemed to be inconsistent and shall therefore stand.
Defendants’ motion to set aside the verdict is denied.
Plaintiff’s motion to set aside the verdict is denied.
Plaintiff’s alternative motion not to apply CPLR 5041 is granted while defendants’ motion to have the court reduce the jury’s verdict with respect to future damages to present value is denied.
As a result of this court’s decision to allow the jury verdict to remain intact the question of interest on the award becomes most interesting. Is interest, in this situation, added to the sum total of the itemized damages or is interest added only to the amount awarded from the date of death to date of verdict, not taking into consideration future damages? Plaintiff’s counsel urges this court to allow interest on the whole award while defendants’ counsel opposes the granting of interest on future damages.
Interest on a wrongful death claim is governed by EPTL 5-4.3, which specifically provides in subdivision (a), "Interest upon the principal sum recovered by the plaintiff from the date of the decedent’s death shall be added to and be a part of the total sum awarded.” Although the damages were itemized by the jury pursuant to this court’s instruction, the "principal sum recovered” or the "total sum awarded” can only mean that total amount arrived at after adding each itemized *192 award. Since there is no statutory authority at this time directing this court to deduct future damages from the amount recovered, the plaintiff shall be entitled to the addition of interest on $593,049 which is the sum total of $89,200 plus $3,318 plus $500,531.