OPINION OF THE COURT
Ira Gammerman, J.
In these two actions, in part, seeking damages for wrongful *492 death, defendants argued that no preverdict interest should be allowed with respect to the awards for future damages.
In Schmertz an award of $4,000,000 was made to compensate the decedent’s widow and three children for loss of inheritance. In Turner awards of $369,564 and $830,203 were made to the widows and children of Gregory Terrell and Donald Gandolfo, respectively, for future loss of income. In both cases plaintiffs called economists who testified with respect to present values after discounting and in neither case was the jury instructed, per CPLR 4111 (f), that in calculating future damages there was to be no reduction to present value.
Thus the issues raised in these matters differ to some extent from those in which a jury is charged in accordance with CPLR 4111 (f) (see, Jeras v East Mfg. Corp., 143 Misc 2d 188 [Sup Ct, Niagara County 1989]) or in which the judgment is to be structured pursuant to CPLR article 50-A or 50-B, although in my view, preverdict interest from the date of decedent’s death is required in all of those cases. EPTL 5-4.3 (a) provides that interest should be added to the "principal sum recovered by the plaintiff from the date of the decedent’s death” without distinguishing between that portion of the award for losses incurred between the date of death and the date of trial and those losses expected to be incurred thereafter. The "principal sum recovered” includes all damages past and future. The reasoning contained in the opinions of the United States Circuit Court for the Second Circuit in the cases of Shu-Tao Lin v McDonnell Douglas Corp. (742 F2d 45 [1984]) and Woodling v Garrett Corp. (813 F2d 543 [1987]), although flawed to some extent, are analyses that are much more appropriate for legislative rather then judicial consideration. This, indeed, was recognized by the Appellate Division, Third Department, in Soulier v Hughes (119 AD2d 951 [1986]) which specifically declined to adopt the reasoning of the Second Circuit on the issue of preverdict interest on future damages in an action for wrongful death.
Prior to the enactment of CPLR 4111 (f), which mandated itemized verdicts which distinguish between past and future damages, awards in wrongful death actions included to a very substantial extent damages for future pecuniary losses. Presumably the juries in those cases were appropriately instructed to discount to present value and interest from the date of death was added to the entire award for both past and future damages. If, when the Legislature enacted CPLR 4111 (f) and articles 50-A and 50-B, a determination was made that *493 a change was required in EPTL 5-4.3 to eliminate preverdict interest on awards for future damages such change could have been enacted. Indeed, EPTL 5-4.3 was amended as part of the Omnibus Medical and Dental Malpractice Act of 1986 (L 1986, ch 266). That amendment provided that in an action for wrongful death based on medical malpractice evidence relating to the income taxes which the decedent would have been obligated to pay is admissible and is to be considered by the jury (or court) in determining the pecuniary loss. The last sentence of subdivision (a) of section 5-4.3 mandating interest from the date of death on the "principal sum recovered” was left unchanged.
It cannot be presumed that the failure of the Legislature to make such change was inadvertent. The enactment of CPLR 4111 (f) made it possible to distinguish between past and future damages so that were it the intention of the Legislature to limit the applicability of EPTL 5-4.3 only to damages up to the date of trial such amendment could have been effected.
For the reasons set forth above, plaintiffs in Schmertz and Turner may enter judgments for the amounts awarded with interest from date of decedents’ deaths.