■ PHYLLIS K. SCHMERTZ, as Administratrix of the Estate of ROBERT J. SCHMERTZ, Deceased, Respondent, v PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Appellant, et al., Defendant.—Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered April 6, 1990, which, *inter alia,* after a jury verdict in favor of plaintiff against defendants, awarded plaintiff damages in the sum of $10,915,871.05, unanimously affirmed, with costs.

In this wrongful death action, it is undisputed that much of the recovery for wrongful death was attributable to losses not yet sustained on the judgment date. Defendant Presbyterian Hospital maintains that no pre-judgment interest should have been awarded on such future damages, despite the unequivocal language of EPTL 5-4.3.

The Supreme Court properly rejected this argument. EPTL 5-4.3 "provides for interest on the 'principal sum recovered' without distinguishing between prejudgment and postjudgment losses of future income." *(Soulier v Hughes,* 119 AD2d 951, 954; *and see, Milbrandt v Green Refractories Co.,* 167 AD2d 845.) In light of the clear and unambiguous language of the statute, we note, but decline to follow, the contrary view expressed by the United States Court of Appeals in *Woodling v Garrett Corp.* (813 F2d 543). We further note that the jury, in the instant case, was presented with the testimony of an economist who discounted the value of damages to their

present value. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Smith, JJ. *[See,* 148 Misc 2d 491.]