OPINION OF THE COURT
Peter Tom, J.
In the instant posttrial motion, plaintiff seeks to recover, inter alla, interest on punitive damages awarded by the jury in a wrongful death action.
Plaintiff commenced this wrongful death action predicated on the medical malpractice of defendant. The jury found in favor of plaintiff and awarded plaintiff total damages in the sum of $900,000 against defendant. The total award represents the following: $250,000 for pecuniary loss to the distributees of the estate; $65,000 and $4,000 awarded to the distributees of the estate for medical and funeral expenses, respectively; $411,000 for punitive damages; and $150,000 for loss of earnings and $20,000 for medical expenses awarded to the estate of decedent both incurred by decedent prior to death.
Plaintiff contends that under EPTL 5-4.3, she is entitled to recover interest on the punitive damages calculated from July 14, 1986, date of decedent’s death.
EPTL 5-4.3 provides in pertinent part:
"(a) The damages awarded to the plaintiff may be such sum * * * to be fair and just compensation for the pecuniary injuries resulting from the decedent’s death to the persons for whose benefit the action is brought. In every such action, in addition to any other lawful element of recoverable damages, the reasonable expenses of medical aid, nursing and attention incident to the injury causing death and the reasonable funeral expenses of the decedent paid by the distributees, or for the payment of which any distributee is responsible, shall also be proper elements of damage. Interest upon the principal sum recovered by the plaintiff from the date of the decedent’s death shall be added to and be a part of the total sum awarded.
"(b) Where the death of the decedent occurs on or after September first, nineteen hundred eighty-two, in addition to damages and expenses recoverable under paragraph (a) above, punitive damages may be awarded if such damages would have been recoverable had the decedent survived.”
Plaintiff’s argument of entitlement to prejudgment interest on the punitive award based solely upon the 1982 amend *596 ment of EPTL 5-4.3 is not supported by the law pertaining to punitive damages or the language of the amended statute.
Laws of 1982 (ch 100, eff Sept. 1, 1982) amended EPTL 5-4.3 and added subdivision (b) to permit recovery of punitive damages in wrongful death actions. Prior to the amendment, punitive damages were barred in wrongful death actions regardless of the degree of defendant’s recklessness or the wantonness of his act causing death to the decedent.
The purpose of granting punitive or exemplary damages is to punish the tort-feasor for his malicious, wanton, and reckless act and to deter the tort-feasor and others in a similar position from committing similar acts in the future. (Walker v Sheldon, 10 NY2d 401; Le Mistral, Inc. v Columbia Broadcasting Sys., 61 AD2d 491.)
Punitive damages are intended only to impose punishment on a defendant and were not intended to fully compensate an injured party for his injuries. (Delulio v 320-57 Corp., 99 AD2d 253.) Therefore, the prevailing rule is that punitive damages assessed against a tort-feasor carry no prejudgment interest.
The main issue for the court to determine in this motion is whether the language contained in EPTL 5-4.3 (a) that "Interest upon the principal sum recovered by the plaintiff from the date of the decedent’s death shall be added to and be a part of the total sum awarded”, applies to an award of punitive damages as prescribed under subdivision (b) of EPTL 5-4.3.
Damages in a wrongful death action are limited by statute to fair and just compensation for the pecuniary or economic loss suffered by decedent’s survivors, including loss of support, services, voluntary assistance, prospect of inheritance, and for medical and funeral expenses. (EPTL 5-4.3 [a]; Odom v Byrne, 104 AD2d 863.) The statute breaks down damages recoverable by the plaintiff in a wrongful death action to be pecuniary loss and special damages. The 1982 amendment permitted punitive damages as an additional item of damages which may be awarded in a wrongful death action.
The words "principal sum” as set forth in EPTL 5-4.3 (a) do not include special damages of medical and funeral expenses incurred by the distributees of the estate nor do they include an award of punitive damages.
The statute does not provide that interest shall be calculated on all damages recovered but only as to the "principal sum” recovered. The words "principal sum” which means the "main or chief sum” would appear to refer only to pecuniary *597 loss which is the main recoverable loss by a plaintiff in a wrongful death action. The statutory construction of EPTL 5-4.3 (a) supports this proposition.
The entire text of subdivision (a) of EPTL 5-4.3 in its present form was enacted into law and became effective on September 1, 1967 (L 1966, ch 952). Subdivision (b) of EPTL 5-4.3 which permits the recovery of punitive damages in wrongful death actions was subsequently enacted into law and became effective on September 1, 1982 (L 1982, ch 100, § 1). It is clear that the Legislature in enacting two separate subdivisions under EPTL 5-4.3 in the 1982 amendment did not intend to include prejudgment interest for punitive damages. If there was such intention, the Legislature could have easily provided language to this effect and integrated the punitive damages provision as part of the original text of section 5-4.3 as one section. There were no changes made in the original text of section 5-4.3 in the 1982 amendment other than designating it as subdivision (a). (Historical and Statutory Notes, McKinney’s Cons Laws of NY, Book 17B, EPTL 5-4.3, 1991 Pocket Part, at 52.)
The 1982 amendment of EPTL 5-4.3 did not carve an exception in the law of damages to include prejudgment interest on punitive damages in wrongful death actions as urged by plaintiff.
A review of case precedent shows that the interest provision on "principal sum” recovered in wrongful death actions under EPTL 5-4.3 (a) has only been applied to pecuniary or economic loss. (See, Schmertz v Presbyterian Hosp., 171 AD2d 602; Soulier v Hughes, 119 AD2d 951; Jeras v East Mfg. Corp., 143 Misc 2d 188; Matter of New York City Asbestos Litig., 151 Misc 2d 1; Girolamo v St. Clare’s Hosp. & Health Center, NYLJ, June 26, 1991, at 24, col 6.)
Defendant’s application for a setoff of $50,000 from the jury’s award pursuant to General Obligations Law § 15-108 based on a settlement in an unrelated Federal court action commenced by decedent against other defendants prior to his death is denied. The Federal court action which was grounded on products liability and negligence is a different action than the instant action which is predicated on medical malpractice. Decedent brought the Federal court action to recover damages for injuries sustained as a result of being exposed to pesticides and other toxic substances, and in this action plaintiff seeks damages for the wrongful death of decedent caused by the *598 medical negligence of defendant. The injuries suffered by decedent in this case are separate and distinct from the injuries allegedly suffered by decedent in the Federal court case.
Moreover, the jury in this case did not award the estate of decedent any conscious pain and suffering sustained by decedent before his death. There is no double recovery in this action which the statute seeks to prevent (General Obligations Law § 15-108).
Accordingly, motion by plaintiff is granted only to the extent of directing the Clerk of the court to enter judgment in favor of plaintiff against defendant pursuant to the verdict of the jury with interest to be added to the award of pecuniary loss of $250,000 calculated from July 14, 1986, the date of decedent’s death, together with costs and disbursements.